ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| MARÍA ANGÉLICA PASTOR ESCOBAR<br><br>Recurrida<br><br>v.<br><br>JOSÉ YAMIL BÁEZ MELÉNDEZ Y OTROS<br><br>Peticionaria | **TA2026CE00452** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm.: CG2022CV00120<br><br>Sobre: Acción Civil: Cesión y Transferencia de Acciones, Ratificada en Resolución Corporativa por su Presidente y único Accionista |

Panel integrado por su presidenta, la Jueza Rivera Marchand, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 8 de mayo de 2026.

Comparece ante nos el Sr. José Y. Báez Meléndez (señor Báez o "el peticionario") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, notificada el 13 de marzo de 2026. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la *Solicitud de Desestimación por Insuficiencia de Prueba* instada por el peticionario.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

**I.**

El 20 de enero de 2022, la Sra. María A. Pastor Escobar (señora Pastor o "la recurrida") presentó una

---

[1] Ver Orden Administrativa OATA-2026-044 del 4 de mayo de 2026.

*Demanda* sobre sentencia declaratoria e *injunction* en contra del señor Báez.[2] En esencia, alegó que el Sr. Paul Escobar Juárez (señor Escobar o causante)[3] era el dueño y accionista de la Corporación Escotech, Inc.; y que, mediante Testamento Abierto otorgado el 12 de septiembre de 2019, la instituyó como su única y universal heredera de todos sus bienes. Añadió que, el peticionario fungió como testigo instrumental en el testamento. No obstante, sostuvo que el 14 de mayo de 2021, días antes de la muerte del señor Escobar, el peticionario, que era empleado de la corporación, gestionó la preparación y firma de una *Resolución Corporativa*. Señaló que, dicha resolución designaba al señor Báez como Presidente de la Corporación, y le donaba las acciones. No obstante, sostuvo que la alegada donación, de haberse efectuado, era nula, pues el ordenamiento jurídico requiere que las donaciones verbales de bienes muebles se efectúen mediante la entrega simultánea de las acciones, lo cual no ocurrió en este caso. A su vez, indicó que el peticionario se apropió de bienes, libros y documentos de la Corporación y les negó el acceso a estos.

Así las cosas, la señora Pastor le solicitó al foro primario que: dictara sentencia a los fines de declarar que era la única titular de las acciones de la Corporación; ordenara al peticionario a entregar todos los bienes y documentos pertenecientes al señor Escobar y a la Corporación; y ordenara al peticionario a

---

[2] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Según surge del *Certificado de Defunción*, el señor Escobar falleció el 10 de junio de 2021.

abstenerse de llevar a cabo gestiones dirigidas a asumir la dirección y titularidad de la Corporación.

El 13 de julio de 2022, el señor Báez presentó su *Contestación a la Demanda*.[4] En esta, sostuvo que era el único titular de las acciones de la Corporación por haberlas adquirido por vía de donación de parte del señor Escobar, quien se las donó verbalmente el 20 de septiembre de 2019, y reiteró su donación mediante la Resolución Corporativa otorgada el 14 de mayo de 2021. Asimismo, arguyó que la mayoría de los documentos le fueron entregados por la contable de la Corporación, y los demás los obtuvo de manera legal por ser el dueño y único accionista. Como parte de sus defensas afirmativas, expuso que aplicaba la figura de tradición simbólica, dado que las acciones son bienes muebles intangibles y se podían transferir verbalmente sin necesidad de entrega física. A su vez, indicó que la señora Pastor no heredó las acciones de la Corporación, puesto que, estas no eran parte del patrimonio del señor Escobar al momento de su fallecimiento.

Luego de múltiples incidencias procesales, el 8 de septiembre de 2025, el señor Báez presentó un *Memorando de Hechos y Derecho en Cumplimiento de Orden y en Apoyo a Solicitud de Desestimación por Insuficiencia de la Prueba, a tenor con la Regla 39.2(c) de Procedimiento Civil*.[5] En esencia, sostuvo que la recurrida no logró probar que era accionista de la Corporación, por ello, no tenía legitimación activa. Alegó que, la señora Pastor no logró probar la transferencia de las acciones

---

[4] *Contestación a la Demanda*, entrada núm. 37 en SUMAC.
[5] *Memorando de Hechos y Derecho en Cumplimiento de Orden y en Apoyo a Solicitud de Desestimación por Insuficiencia de la Prueba, a tenor con la Regla 39.2(c) de Procedimiento Civil*, entrada núm. 406 en SUMAC.

por herencia, puesto que, no demostró que el señor Escobar ostentara a titularidad exclusiva de las acciones al momento de su fallecimiento. A su vez, dispuso que la recurrida no presentó prueba pericial que sostuviera sus alegaciones sobre la falsedad de la firma del causante al momento de suscribir la Resolución Corporativa. Asimismo, expresó que el caso debía regirse por la Ley de Corporaciones de Puerto Rico, y no por el Código Civil. Sostuvo que, la controversia giraba en torno a si la donación realizada y si su ratificación eran válidas en derecho. Por consiguiente, resaltó que para resolver dichas controversias la ley aplicable era la Ley de Corporaciones. Así las cosas, solicitó la desestimación de la demanda por insuficiencia de la prueba.

Por su parte, el 24 de septiembre de 2025, la señora Pastor presentó su *Oposición a Memorando de Hechos y Derecho en Cumplimiento de Orden y en Apoyo a Solicitud de Desestimación por Insuficiencia de la Prueba, a tenor con la Regla 39.2(c) de Procedimiento Civil*.[6] Mediante esta, arguyó que la donación verbal era nula, debido a que, nunca hubo una entrega simultánea de los certificados, sino que el peticionario los obtuvo después del fallecimiento del señor Escobar. Además, sostuvo que una Resolución Corporativa no puede ratificar un acto personal de donación, específicamente cuando dicha resolución no contenía la aceptación por escrito del señor Báez, y había sido redactada por el propio peticionario, estando el causante delicado de

---

[6] *Oposición a Memorando de Hechos y Derecho en Cumplimiento de Orden y en Apoyo a Solicitud de Desestimación por Insuficiencia de la Prueba, a tenor con la Regla 39.2(c) de Procedimiento Civil*, entrada núm. 408 en SUMAC.

salud. Por ello, solicitó se denegara la desestimación y ordenara la continuación de los procedimientos del caso.

Evaluadas las mociones, el 13 de marzo de 2026, el foro primario notificó la *Resolución* recurrida, en la cual declaró *No Ha Lugar* la solicitud de desestimación por insuficiencia de prueba instada por el peticionario. Determinó que no se había presentado prueba que le permitiera concluir que la alegada donación verbal había sido conforme a derecho. A su vez, que tampoco pudieron acreditar que la resolución corporativa dejara sin efecto lo dispuesto en el testamento. Consecuentemente, decidió continuar con los procedimientos y garantizar el debido proceso de ley.

En desacuerdo, el 26 de marzo de 2026, el peticionario presentó una solicitud de reconsideración,[7] sin embargo, esta fue denegada mediante *Orden* emitida por el foro primario el 31 de marzo de 2026, notificada el 1 de abril de 2026.[8]

Aun inconforme, el 13 de abril de 2026, el peticionario presentó el recurso de epígrafe, mediante el que planteó lo siguientes señalamientos de error:

> A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR INCORRECTAMENTE EL DERECHO SUSTANTIVO, AL RESOLVER LA CONTROVERSIA BAJO EL CÓDIGO CIVIL EN LUGAR DE LA LEY GENERAL DE CORPORACIONES, A PESAR DE QUE LAS CONTROVERSIAS VERSAN SOBRE ACCIONES DE CAPITAL CORPORATIVO Y ACTOS CORPORATIVOS.
>
> B. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONTRADECIR SUS PROPIAS DETERMINACIONES Y EXPRESIONES DURANTE LA VISTA EVIDENCIARIA, DONDE RECONOCIÓ QUE LA LEY APLICABLE ERA LA LEY DE CORPORACIONES, Y POSTERIORMENTE ADJUDICAR EL CASO BAJO UN MARCO JURÍDICO DISTINTO.

---

[7] *Solicitud de Reconsideración de Resolución Interlocutoria dictada el 12 de marzo de 2026,* entrada núm. 413 en SUMAC.
[8] *Orden*, entrada núm. 414 en SUMAC.

C. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL REDEFINIR Y ALTERAR IMPROCEDENTEMENTE LAS CONTROVERSIAS PREVIAMENTE DELIMITADAS MEDIANTE RESOLUCIÓN FINAL Y VINCULANTE, LAS CUALES SE LIMITABAN A LA VALIDEZ DE LA DONACIÓN Y SU RATIFICACIÓN MEDIANTE RESOLUCIÓN CORPORATIVA.

D. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL APLICAR INCORRECTAMENTE EL ESTÁNDAR DE INSUFICIENCIA DE LA PRUEBA BAJO LA REGLA 39.2(c) DE PROCEDIMIENTO CIVIL, AL DENEGAR LA DESESTIMACIÓN A PESAR DE QUE LA PARTE DEMANDANTE NO PRESENTÓ PRUEBA SUFICIENTE PARA ESTABLECER SU LEGITIMACIÓN ACTIVA COMO ACCIONISTA; AL INVERTIR EL PESO PROBATORIO, CONFUNDIR LA MERA "DUDA" CON LA AUSENCIA TOTAL DE PRUEBA, Y FORMULAR INFERENCIAS ADVERSAS SIN BASE EN EL RÉCORD, IMPONIENDO ADEMÁS REQUISITOS PROBATORIOS INEXISTENTES EN DERECHO.

E. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL OMITIR HACER DETERMINACIONES DE HECHOS Y CONCLUSIONES DE DERECHO CONFORME A LA REGLA 43.1 DE PROCEDIMIENTO CIVIL, IMPIDIENDO UNA REVISIÓN APELATIVA ADECUADA Y EFECTIVA.

F. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IGNORAR Y NO ADJUDICAR LA PRUEBA EXTRÍNSECA PRESENTADA, LA CUAL DEMOSTRABA LA TRANSFERENCIA Y TITULARIDAD DE LAS ACCIONES A FAVOR DEL PETICIONARIO, Y AL DESESTIMAR EL MARCO JURISPRUDENCIAL APLICABLE SOBRE LA ACREDITACIÓN DE ACCIONES CORPORATIVAS.

G. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN MEDIANTE LA INTERVENCIÓN DE UN JUEZ SUSTITUTO, EN CONTRAVENCIÓN DE LA REGLA 64 DE PROCEDIMIENTO CIVIL, Y SIN EXPONER FUNDAMENTOS QUE PERMITAN LA REVISIÓN APELATIVA, PRIVANDO ASÍ A LA PARTE PETICIONARIA DE UNA ADJUDICACIÓN INFORMADA POR EL JUZGADOR QUE TUVO ANTE SÍ LA PRUEBA DESFILADA.

El 14 de abril de 2026, emitimos una *Resolución* mediante la cual le concedimos a la parte recurrida el término de quince (15) días para que se expresara sobre los méritos del recurso.

Así pues, el 28 de abril de 2026, la señora Pastor presentó su Oposición a Recurso de *Certiorari*.

Contando con la comparecencia de las partes, procedemos a atender el recurso. Veamos.

## II.

El *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez*, supra. Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG*, supra. No obstante, la discreción judicial para expedir o no el *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez*, supra.

A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. *Scotiabank of PR v. ZAF Corp.*, 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, dispone lo siguiente:

> [...]
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente,

> el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> […].

Así pues, si ninguno de los criterios está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311, 322 (2005*); Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez,* supra. En lo pertinente, la precitada disposición reglamentaria dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918. Ahora bien, nuestro Tribunal Supremo ha reiterado que la discreción significa poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad." *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Así pues, un foro intermedio no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *SLG Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Comenzamos destacando que la determinación recurrida, a pesar de ser un dictamen interlocutorio, es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*. Ello, por tratarse de la denegatoria de una moción de carácter dispositivo, a saber, la solicitud de desestimación por insuficiencia de prueba instada por el señor Báez. Sin embargo, a la luz de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *supra*, rechazamos intervenir en los méritos del dictamen recurrido.

En el caso de autos, el peticionario no demostró que el foro primario haya actuado con prejuicio, parcialidad o que haya abusado de su discreción. Así mismo, resaltamos que un foro revisor reconoce amplia discreción al foro primario para determinar el modo en que manejan los casos ante su consideración.

Por consiguiente, no vemos razón alguna para intervenir en esta etapa de los procedimientos, y procedemos a denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones